**Chattar Pal KAPIL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71045.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 17, 2004.

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, David V. Bernal, Attorney, Regina Byrd, Attorney, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Chattar Pal Kapil, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

summarily affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence both the denial of asylum, *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003), and the denial of relief under the Convention, *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003). We review de novo claims of due process violations. *Hartooni v. INS,* 21 F.3d 336, 339 (9th Cir.1994). We deny the petition.

Contrary to the government's contention, the IJ did not make an adverse credibility finding. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 658–59 (9th Cir. 2003) (an implicit credibility observation made in passing does not constitute a credibility finding). Therefore, we accept Kapil's testimony as true. *See id.*

Kapil testified that in 1983, Sikh militants sprayed a death threat message onto his house. We conclude that this unfulfilled death threat does not rise to the level of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (unfulfilled death threats do not generally constitute past persecution).

Kapil also testified that in 1984, his wife was injured during a bus bombing, which was perpetrated by Sikh militants. Kapil testified that he was injured during a Sikh militant bombing in 1990. Kapil, however, did not provide any evidence that he and his wife were specifically targeted by Sikh militants for any reason. In fact, Kapil testified that his wife's presence on the bus when the bomb exploded was a "coincidence," and that his own injury in 1990 was "fortuitous" and "bad luck." Accordingly, substantial evidence supports the IJ's conclusion that Kapil was not persecuted by Sikh militants. *See Sangha v. INS,* 103 F.3d 1482, 1489–90 (9th Cir. 1997).

Kapil also testified that Punjab police arrested him twice: first, in 1990 for participating in a demonstration, and again in March of 1997, because the police believed he was helping a Sikh militant. During both arrests, Kapil was beaten and detained for one day. Although these detentions may rise to the level of persecution, *see Guo v. Ashcroft,* 361 F.3d 1194, 1203 (9th Cir.2004) (holding that one and one-half day detention and beating were sufficient to demonstrate persecution), there is evidence that the arrests were made for a legitimate prosecutorial purpose, and therefore Kapil was not persecuted on account of an enumerated ground. *Cf. Singh v. Ilchert,* 63 F.3d 1501, 1508–09 (9th Cir. 1995) (distinguishing between legitimate criminal prosecution and extrajudicial punishment constituting persecution). Kapil testified that in the 1990 demonstration, the protestors carried signs calling for "death to police officers." Therefore, the record suggests that Kapil was arrested for threatening violence to the police, a legitimate reason to arrest him. Kapil also submitted an arrest warrant indicating that he had counsel and that some type of legitimate legal process occurred after the 1997 arrest. *See id.*

In addition, the fact that Kapil's family still resides in the Punjab, and Kapil's wife continues to work for the Indian government, undercuts Kapil's claim of future persecution. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (holding that applicant's claim of persecution is undercut when family members continue to reside in the home country without incident).

Kapil did not satisfy the more stringent standard for withholding of removal because he did not demonstrate a clear probability of persecution. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Kapil failed to demonstrate that it was more likely than not that he would

be tortured if he returned to India, the IJ properly denied Kapil's claim under the Convention. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

Kapil's due process challenge to the BIA's streamlining procedures was rejected in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Kapil's motion for stay of removal included a timely request for a stay of voluntary departure that was filed before the voluntary departure period lapsed. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.